UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>LOUIS D. LANNI<br>xxx-xx-3286<br>            Debtor. | :<br>:<br>:<br>:CHAPTER 13<br>:CASE NO. 23-11122/MDC<br>: |
| U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust<br>            Movant,<br>v.<br>LOUIS D. LANNI<br>            Debtor,<br>And<br>Kenneth E. West, Esquire<br>            Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:Courtroom #2<br>:<br>:<br>:Hearing Date: May 23, 2023 @ 10:30 a.m.<br>:<br>: |

**MOTION BY US BANK NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; PROVIDING PROSPECTIVE *IN REM* RELIEF FROM STAY AS TO DEBTOR; NON-FILING DEBTOR MICHAEL CONNOR; AND/OR ANY OTHER INDIVIDUAL OR ENTITY CLAIMING AN INTEREST IN THE SUBJECT PROPERTY; OR IN THE ALTERNATIVE MOVANT REQUESTS AN ORDER DIRECTING THAT THE RENTS GENERATED BY THE PROPERTY BE TURNED OVER TO MOVANT, OR ITS DESIGNEEE, AND THAT DEBTOR IS PRECLUDED FROM USING SAME TO FUND HIS PLAN; WAIVING THE 14-DAY REQUIREMENT OF RULE 4001 (a)(3); AND IF CASE HAS BEEN DISMISSED OR CLOSED, TO REINSTATE AND/OR REOPEN CASE FOR PURPOSES OF ADJUDICATING THIS MOTION
AS TO CERTAIN REAL PROPERTY**

Movant, by its Attorney, Romano Garubo & Argentieri, Emmanuel J. Argentieri, Esquire appearing, hereby requests a modification of the automatic stay and leave so it can exercise its rights under state law against certain realty and avers as follows:

1. Movant is U.S. Bank, N.A. as Legal Title Trustee for Truman 2016 SC6 Title Trust (hereinafter "Movant"). Movant hereby adopts and incorporates herein the Certification of Movant in support of motion filed contemporaneously herewith.

2. Movant is the holder of a Note secured by a mortgage on the realty commonly known as 914 Clinton Street, Philadelphia, PA 19107 (hereinafter "subject property"). **Please see Note, Mortgage, and full Assignment of Mortgage chain attached hereto and incorporated herein respectively as EXHIBITS A, B and C.** The note and mortgage were executed by non-debtor Michael Connor (hereinafter "Connor").

3. The subject mortgage account is due for the May 1, 2019 installment payment. Accordingly, the account is four (4) years delinquent.

4. The property is a four-unit rental. Debtor allegedly occupies one unit and leases three units.

5. The tenants and their known rental payments are set forth in the attached leases. **Please see Exhibit D, attached hereto and incorporated herein.**

6. The three rental units generate an aggregate amount of $4,625.00 each month.

7. Movant holds an absolute assignment of rents under the loan documents. See Exhibit B at page 10, paragraph 17 and page 15, paragraph 27. On or about March 1, 2023, Movant served rent attornment notices on the tenants. **Please see Exhibit E, attached hereto and incorporated herein.** Accordingly, Debtor is precluded from using the rents to fund his plan. *See; Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 38 (3d Cir.; 1993).

8. Subsequent to the loan transaction set forth in paragraph 2 herein, Connor conveyed title to he and Debtor by deed dated June 27, 2016 (hereinafter "June Deed"). **Please see Exhibit F, attached hereto and incorporated herein.**

9. On or about November 15, 2016, Debtor and Connor entered into a loan modification agreement with Rushmore Loan Management Services LLC, mortgage servicer on behalf of the mortgagee at the time, wherein the terms of the subject loan were modified to address a prior default under the subject loan documents in accordance with the terms set forth in said loan modification. **Please see Exhibit G, attached hereto and incorporated herein.**

10. Additionally, as part of the loan modification set forth in paragraph 9, on December 14, 2016 Debtor and Connor entered into a Loan Assumption Agreement whereby Debtor assumed liability under the subject Note and Mortgage. **Please see Exhibit H, attached hereto and incorporated herein.**

11. As noted above, Debtor is in default of the note and mortgage as modified, effective May 1, 2019.

12. On September 18, 2020, Movant filed a foreclosure complaint with the Philadelphia Court of Common Pleas, Case Number 200900935.

13. Due to the COVID pandemic and the Philadelphia Court of Common Pleas' Foreclosure Diversion Program, the foreclosure was unable to proceed until it was released from the Foreclosure Diversion Program on September 13, 2023. [1]

---

[1] On November 22, 2021, Movant moved for summary judgment. Debtor and Connor did not respond and on February 28, 2022 the court granted summary judgment. **Please see Exhibit I, attached hereto and incorporated herein.** Debtor and Connor then filed a motion for reconsideration of the Order Granting Summary Judgment. The court, over Movant's objection, granted same and vacated summary judgment. The Court also directed that the case be referred back to the Foreclosure Diversion Program. **Please see Exhibit J, attached hereto and incorporated herein.**

14. Upon being released from the Foreclosure Diversion Program, Movant filed a motion in state court to have a rent receiver appointed (hereinafter "RR Motion").

15. A hearing on Movant's RR Motion was scheduled to be heard on April 20, 2023 at 10:00 a.m.

16. On April 19, 2023 at approximately 4:50 p.m., Debtor filed this deficient chapter 13 bankruptcy petition which is set for dismissal on April 25, 2023 and May 2, 2023 respectively if the deficiencies are not cured per this Court's order entered April 19, 2023.

17. Moreover, since default, Movant has had to advance funds for taxes and insurance to protect its interest in the property totaling $74,332.17. These advances have conferred a benefit to Debtor. *See certification of Movant filed contemporaneously herewith.*

18. The total amount due on the account as of April 21, 2023 totals approximately $1,260,954.55. *See certification of Movant filed contemporaneously herewith.*

19. The subject property has an estimated fair market value of $1,100,000.00 as of February 22, 2023. *See certification of Movant filed contemporaneously herewith.*

20. Accordingly, there is no equity in the property.

21. In addition to seeking relief from stay, Movant is seeking an order granting prospective *In Rem* relief as to future filings by Debtor and/or all other individuals and/or entities claiming an interest of any kind whatsoever in the property commonly known as 914 Clinton Street, Philadelphia, PA 19107 so that any filing shall not operate to stay Movant's foreclosure proceeding without application to and further express order of this Court, Chief Judge Magdeline D. Coleman presiding. Further, Movant requests that the 14-day requirement of Rule 4001(a)(3) be waived, along with any other relief the Court deems just and equitable. Additionally, if the case has been dismissed and/or closed Movant requests the Court reopen and/or reinstate the case

for purposes of adjudicating this motion.

22. This filing by Debtor represents the fifth bankruptcy filing affecting the property since December 6, 2010 and the fourth since April 8, 2014. Movant contends that the previous cases were filed in bad faith and, in fact, an order was entered on March 26, 2015 dismissing a chapter 11 case filed by Connor in Case Number 14-12730/SR. **Please see Exhibit K, attached hereto and incorporated herein.**

23. The serial bankruptcy filings of Debtor and his partner is as follows:

   a) Connor, filed a Chapter 7 petition on December 6, 2010, Case Number 10-30579/SR. He received a discharge after which the case was terminated on July 25, 2011.

   b) Subsequent to his chapter 7 petition, Connor defaulted on his mortgage account. Movant's predecessor referred the loan to its attorney to commence foreclosure. On February 18, 2013, a foreclosure complaint was filed with the Court of Common Pleas for Philadelphia County, Case Number 130201666. Connor filed a contesting answer on July 18, 2013.

   c) Movant's predecessor proceeded with its foreclosure action, but the action was stayed when Connor filed a Chapter 11 petition, Case Number 14-12730/SR on April 8, 2014. Case Number 14-12730/SR was a bare bones filing which Connor later cured. Movant's predecessor filed a motion for relief from the automatic stay due to the failure of Connor to adequately protect its interest in the subject realty which was resolved by court order approving a stipulation entered into by the parties.

   d) Meanwhile, in Case Number 14-12730/SR there was a motion for contempt and to compel 2004 examination of Debtor and Connor filed by another creditor, William Quay. That particular motion established the background concerning Debtor and

Connor's relationship and financial dealings used to unduly burden, delay, hinder and defraud creditors of Connor. *Movant hereby incorporates the motion as if set forth herein at length.* The motion was resolved by court order entered November 6, 2014.

e) On February 9, 2015, Movant's predecessor filed a certification of default due to the default of Connor under the July 21, 2014 order approving stipulation which resulted in a court order entered February 25, 2015 granting Movant's predecessor relief from the automatic stay.

f) On February 10, 2015, a motion to dismiss Case Number 14-12730/SR with a refiling bar was filed by the US Trustee's office due to, among other things, the inability of Connor to reorganize. On March 26, 2015, the Court entered an Order of Dismissal with a Bar and Judgement. **Please see Exhibit K, attached hereto and incorporated herein.**

g) Movant's predecessor resumed its foreclosure action against the subject property.

h) In an attempt to stay the progression of the foreclosure action which had a trial set for July 8, 2015, Connor filed an application for an emergent hearing for Leave to Refile a Chapter 11 Petition with this Court on July 7, 2015 which was denied.

i) Prior to the trial in the foreclosure case, Movant's predecessor and Connor entered into a consent judgment on July 9, 2015 which allowed for foreclosure judgment to be entered against the subject property with an agreement that Movant's predecessor would not file a writ of execution and set a sale until after September 8, 2015.

j) The Philadelphia County Sheriff set a sale date for January 5, 2016. The sale did not occur, however, as it was stayed by a deficient chapter 11 bankruptcy filing on January 4, 2016, under Case Number 16-10048/MDC filed by an entity known as Car Fuel #1,

Incorporated ("Car Fuel"). In the correspondence to the sheriff, Car Fuel's attorney who represented Connor in the aforesaid prior chapter 11 case and foreclosure action enclosed a copy of a deed dated January 3, 2016 ("January Deed") evidencing a transfer of the subject property from Connor to Car Fuel for one dollar ($1.00). [2] [3] Movant's predecessor contended that the January Deed was a fraudulent transfer done solely to stay the pending sheriff sale and vex its interest in the realty. Accordingly, on January 25, 2016, Movant's predecessor filed a motion for relief and prospective *In Rem* relief as to Car Fuel and Connor. *Movant hereby incorporates by reference that motion as if set forth herein at length.* There was no response by Car Fuel to the motion and on February 16, 2016 at 12:01 p.m., Movant filed a certificate of no response with the court. However, on February 16, 2016 at 4:33 p.m., Case Number 16-10048/MDC was dismissed for failure by Car Fuel to file documents and the Court declined to grant the motion for *In rem* relief due to the case being dismissed.

k) After Case Number 16-10048/MDC was dismissed, Movant's predecessor set a sheriff sale for July 1, 2016. On June 30, 2016, correspondence was sent to the Philadelphia County Sheriff by Debtor's counsel advising that a chapter 13 bankruptcy petition, Case Number 16-14649/SR was filed by Debtor. The communication also enclosed a marriage certificate dated June 23, 2016 verifying the union of Debtor and Connor. Further, it enclosed a copy of the June Deed evidencing transfer of the subject property from Connor to Debtor and Connor as tenants by the entirety as a result of their civil union. The June Deed was recorded

---

[2] The blatant bad faith of Debtor and Connor throughout this case is evidenced by the subject conveyances of the property as set forth above. Michael Connor conveyed all of this right, title and interest to Car Fuel by deed dated January 3, 2016, but then again conveys a deed to himself and Debtor on June 17, 2016. Mr. Connor had no interest in the property to convey to Debtor and Debtor's use of the deed to stay the July 1, 2016 sale in the prior foreclosure case was a knowing misrepresentation to stay the prior foreclosure.

[3] It should also be noted that Debtor was the president of Car Fuel and signed the petition in Case Number 16-10048/MDC.

with Philadelphia County on June 29, 2016. Movant's predecessor contended the above-captioned petition was filed in bad faith and was designed to unduly delay and vex its interests it the subject property. **Please see Exhibit L, attached hereto and incorporated herein.**

24. Movant's predecessor filed a similar motion to the one's that now before the Court in Case Number 16-14649/SR.

25. The motion was resolved by stipulation. **Please see Exhibit M, attached hereto and incorporated herein.**[4]

26. Debtor did perform under the loan modification for approximately two and a half years, but defaulted as noted.

27. Movant contends that Debtor and his partner's conduct in the pending state foreclosure case have been one of undue delay.

28. When the foreclosure case was about to proceed after being delayed three years due to COVID and the Foreclosure Diversion Program, Debtor filed this deficient petition which Movant contends was filed in bad faith to unduly delay and prejudice Movant with respect to its interests in the property. *See, In Re Lilley*, 91 F.3d 491 (3d. Civ. 1996). Based on the history of this case, the conduct of Debtor and Connor is continuum of a pattern of abuse of this forum to delay state court foreclosure proceedings.

29. Pursuant to the foregoing, Movant contends that cause exists to grant it relief from the Automatic Stay. Movant is not adequately protected. The property has no equity and cannot be used for an effective reorganization as Debtor has no ability to fund a plan from the rents generated by the property. Accordingly, Movant submits it should be granted relief from the

---

[4] The stipulation resolving the stay litigation in Case Number 16-14649/SR granted the mortgagee at the time, and its successors, *In Rem*/prospective relief as to future bankruptcy filings and their impact on future foreclosure proceedings affecting the property. However, out of an abundance of caution, Movant felt it is prudent to file the within motion.

automatic stay under 11 *U.S.C.* §362(d)(1) and/or (2). Moreover, Movant submits that based on the history of this case the conduct of this Debtor and Connor is a clear abuse of the bankruptcy process which warrants the extraordinary *In Rem* relief Movant is seeking herein pursuant to 11 *U.S.C.* §362(d)(4)(A) and/or (B). *See, In Re Danley*, 540 B.R. 468, 476 (Bankr.M.D.Ala.2015). Movant also requests that the relief not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3). Based on the foregoing history, Movant contends that Debtor's bankruptcy filing has been done in bad faith with the sole intent to unduly delay, hinder and defraud Movant from prosecuting its foreclosure case against the subject realty.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order granting Movant relief from the automatic stay. Undersigned respectfully requests further that the Court enter an order that provides that any future filings by Debtor, Connor and/or any and all other individuals and/or entities claiming an interest of any kind whatsoever in the property commonly known as 914 Clinton Street, Philadelphia, PA 19107 shall not operate as a stay to Movant's foreclosure proceeding without application to and further express order of this Court, the Honorable Magdeline D. Coleman, Chief Judge, presiding. Further, Movant requests that the 14-day requirement of Rule 4001(a)(3) be waived, along with any other relief the Court deems just and equitable. Additionally, if the case has been dismissed and/or closed Movant requests the Court reopen and/or reinstate the case for purposes of adjudicating this motion. In the alternative, Movant requests an order directing that the rents generated by the property be turned over to Movant, or its designee, and that Debtor is precluded from using same to fund his plan.

I HEREBY CERTIFY under penalty of perjury that the foregoing is true and correct.

                                         ROMANO GARUBO & ARGENTIERI
                                         Attorneys for Movant

                                         By: /s/ Emmanuel J. Argentieri
Dated: April 25, 2023                   Emmanuel J. Argentieri, Esquire
                                              PA Attorney ID No. 59264