**CENTER CITY LAW OFFICES, LLC**
**2705 BAINBRIDGE STREET**
**PHILADELPHIA, PA   19146**
**215-620-2132**

**MEMORANDUM**

**TO:**       **CHIEF JUDGE, MAGDELINE D. COLEMAN**
              **UNITED STATES BANKRUPTCY COURT**
              **FOR THE EASTERN DISTRICT OF PA**

**RE:**       **LOUIS LANNI, CH. 13, CASE NO.  23-11122**

**DATE:**     **NOVEMBER 16, 2023**

---

**DEBTORS' RESPONSE IN OPPOSITION TO U. S. BANK NATIONAL ASSOCIATION'S LETTER BRIEF IN SUPPORT OF SEEKING TURNOVER OF DEBTOR'S FUNDS HELD BY THE CHAPTER 13 PRE-CONFIRMATION UPON DISMISSAL**

Dear Judge Coleman:

The Debtor, Louis Lanni, hereinafter referred to as the "Debtor," by and through his counsel, Center City Law Offices, LLC, hereby respectfully files this memorandum response to U.S. Bank National Association's ("U.S. Bank") letter brief filed on the docket in this matter on November 2, 2023.  For the reasons more fully set forth below, the Debtor submits that the court should disregard U.S. Bank's Letter Brief and deny U.S. Bank's demand for the funds paid by the Debtor currently being held by the chapter 13 Trustee.  Upon dismissal of the chapter 13, all funds paid by the Debtor the chapter 13 trustee prior to confirmation of the chapter 13 plan, upon dismissal must be returned to the Debtor after payment of the trustee's commission and administrative claims filed prior to dismissal.

**Settlement Discussions Prior to the October 27, 2023 Evidentiary Hearing**

Prior to the October 27, 2023 Evidentiary Hearing (the October 27th Hearing), Debtor and his counsel knew that the chapter 13 was not feasible due to the Debtor's financial situation.  Thus contrary to U.S. Bank's counsel's derogatory statements that Debtor was seeking to settle this

matter due to some fear of having to testify under oath "and address prior statement made under oath" during a June 13, 2023 deposition, Debtor wished to settle this matter solely because it was financially unrealistic. Regardless, during settlement discussion prior to the October 27th Hearing, Debtor through his counsel did agree to grant U.S. Bank relief from the stay and allow the funds being held by the chapter 13 trustee to be paid to U.S. Bank (the "Trustee Funds"). It was however, during the October 27th Hearing when Debtor's counsel was made aware that turnover of the Trustee Funds may be prohibited under the Bankruptcy Code and applicable case law.

After lengthy discussions with the chapter 13 trustee and pursuant to the case law cited below, Debtor and his counsel believe that U.S. Bank is not entitled to the Trustee Funds. Moreover, pursuant to the case law set forth below, even if U.S. Bank was entitled to any portion of the Trustee Funds, such funds are subject to the trustee commission and administrative claims as well as potential priority governmental claims.

## Legal Argument
### Plan Payments Held by the Trustee Must be Distributed to the Debtor if Case is Dismissed Prior to Confirmation

The Bankruptcy Code is clear in this matter. When a chapter 13 case is dismissed without a confirmed plan, 11 U.S.C. §1326 (a)(2) controls and provides in part as follows: "A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan….if a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." *See* In re: John Robert Bailey and Roxanne Gail Bailey, 330 B.R. 775 at 776, U.S. Bankr. D. of Oregon (September 2005). The Bailey court held that the statutory language was clear and unambiguous *citing* United States v. Ron Pair Enterprises, Inc. *Id.* at 776. The Supreme Court there held that "courts must follow a statute's plain language unless doing so would produce a result demonstrably at odds with the intentions of its drafters." *Id.* The Bailey court further found that retuning the funds to the debtor

encourages debtors who are financially able to repay their debts to file chapter 13 while not punishing debtors who attempt to file chapter 13 yet never achieve confirmation. *Id.* at 777. The Bailey court further held that returning the funds to the debtor "ensures the orderly and efficient disposition of chapter 13 cases. Congress no doubt considered the possibility that creditors would like to participate in the money held by the trustee…." Thus, holding to the contrary would "create a race to the trustee" effectively ignoring the mandate to return the money to the debtor. *Id*. *citing* In re Davis, 2004 WL 3310531, *2 (Bankr. MD. Ala, 2004).

The case cited by U.S. Bank is not dispositive regarding the simple matter of statutory interpretation in this matter.  U.S. Bank cites to *In re Merovich*, 547 B.R. 643 (Bankr. M.D. PA 2016).  *Merovich* concerned the payment of attorney fees post confirmation of the chapter 13 plan.  Attorney fees requested pre or post confirmation are not the subject at hand in this instant matter[1]. Debtor asserts that pursuant to the clear and unambiguous language of 11 U.S.C. §1326 (a)(2), the Court has no authority to turnover the Trustee Funds to U.S. Bank.   The Trustee Funds must therefore revert to the Debtor pursuant to the plain language of the statute and the applicable case law cited herein.

Respectfully submitted,

CENTER CITY LAW OFFICES, LLC

By: *Maggie S. Soboleski*
Pa. Id. No.: 88268
2705 Bainbridge Street
Philadelphia, PA 19146
Tele.: 215-620-2132
E-Mail: msoboles@yahoo.com

---

[1] Debtor's counsel has submitted a request for this Court to retain jurisdiction for the payment of its attorneys'.  For a detailed explanation of why such fees should be allowed should the Court wish to discuss, Counsel is prepared to cite to Judge Frank's opinion in In re: Lewis, In re: Nesmith, 346  B.R. 89. Bankr. E.D. Pa. (July 24, 2006).