# ROMANO GARUBO & ARGENTIERI
*Counselors at Law LLC*

Michael F.J. Romano, Member *
mromano@rgalegal.com

Emmanuel J. Argentieri, Member*
eargentieri@rgalegal.com

Louis W. Skinner*
lskinner@rgalegal.com

*Member of the NJ & PA Bar
**Member of the NJ & NY Bar
***Member of NY, NJ, & CA Bar

52 Newton Avenue
P.O. Box 456
Woodbury, NJ 08096
Telephone: (856) 384-1515
Telefax: (856) 384-6371

*Of Counsel:*
Angelo G. Garubo, Esquire**
agarubo@rgalegal.com

Evan J. Salan, Esquire***
esalan@rgalegal.com

Michael V. Baronio, Esquire**
mbaronio@rgalegal.com

November 20, 2023

File #TrucapPA-215

Chief Judge Magdeline D. Coleman
United States Bankruptcy Judge
Eastern District of Pennsylvania
900 Market Street, Suite 202
Philadelphia, PA 19107

  Re: Louis D. Lanni
     Case No. 23-11122/MDC

     Letter Brief in response to Debtor's opposition to Court Order granting
     last settlement term as to the turnover of funds by the Chapter 13 Trustee

Dear Judge Coleman:

  Please accept this letter in lieu of a more formal response to the opposition filed by Debtor to U.S. Bank NA as Legal Title Trustee for Truman 2016 SC6 Title Trust's ("US Bank") letter brief in support of the Court approving the last component of the Global Settlement agreed to by and between Debtor and US Bank to resolve the litigation related to US Bank's stay motion [Document Number 9] and motion for turnover of funds as adequate protection [Document Number 59].

  Debtor's filing is inappropriate and should be precluded as Debtor agreed to the settlement term before the Court for consideration and is seizing an opportunity to renege on an aspect of the settlement based solely on the Court's request to have the issue briefed by US Bank.  US Bank submits that this is just another example of Debtor's bad faith, untrustworthiness and abuse of this forum.  Debtor unequivocally agreed to the settlement term at issue.  ***Please see Exhibit A.***  Moreover, when Debtor's counsel was questioned in Court on October 27, 2023 if the settlement term at issue was agreed upon by Debtor, the attorney answered yes.  Because a window was opened by the Court's request for briefing on the issue by US Bank, Debtor now attempts to undo his settlement commitment.

2

Debtor should be precluded from such conduct under the doctrine of judicial estoppel. *See, Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d. Cir. 1953). Judicial estoppel, sometimes called the "doctrine against the assertion of inconsistent positions," is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one previously asserted in the same or previous proceeding . . . it was designed to prevent litigants from "playing fast and loose with courts." *Id.*

Debtor's conduct is a textbook example of the precise antics the doctrine was intended to prevent. But for the Court requesting briefing on the issue at bar, Debtor would be bound by his settlement agreement to end the litigation. Subject to the Court's ruling on the last component of the settlement agreement placed on the record on October 27, 2023, the parties have an enforceable settlement agreement. *See, Dugan v. O'Hara*, 125 F. Supp. 3d 527, 535-536 (E.D. Pa. 2015). Accordingly, notwithstanding the foregoing, US Bank reaffirms its position set forth in its previous filing on November 2, 2023 [Document Number 84] that the last settlement term concerning payment of the funds being held by the Trustee to US Bank may be approved by this Court.

WHEREFORE, US Bank respectfully requests that the Court approve the last aspect of the settlement agreement placed on the record on October 27, 2023 and enter an order directing the Chapter 13 Trustee to turnover the funds he is holding to US Bank pursuant to 11 *U.S.C.* §349(b) and the express settlement terms of the parties.

Respectfully submitted,
ROMANO, GARUBO & ARGENTIERI

By:/S/EMMANUEL J. ARGENTIERI
Emmanuel J. Argentieri, Esq.
PA Attorney ID No. 59264

EJA/jt