**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Louis Lanni, | : | |
| Debtor. | : | Bankruptcy No. 23-11122-MDC |

# O R D E R

**AND NOW**, on April 25, 2023, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (the "Movant" or US Bank) filed the *Motion By US Bank NA as Legal Title Trustee For Truman 2016 Sc6 Title Trust In Support Of Motion For Relief From The Automatic Stay; Providing Prospective In Rem Relief From Stay As To Debtor; Non-Filing Debtor Michael Connor; And/Or Any Other Individual Or Entity Claiming An Interest In The Subject Property; Or In The Alternative Movant Requests An Order Directing That The Rents Generated By The Property Be Turned Over To Movant* ("Motion for Relief from Stay").[1]

**AND**, on September 29, 2023, Movant filed the Motion by *Motion By US Bank NN As Legal Title Trustee For Truman 2016 Sc6 Title Trust In Support Of An Order Directing Trustee To Turnover Funds Being Held For Adequate Protection And Precluding Debtor's Use Of Its Cash Collateral Designeee, And That Debtor Is Precluded From Using Same To Fund Plan; Waiving The 14-Day Requirement Of Rule 4001 (A)(3); And If Case Has Been Dismissed Or Closed, To Reinstate And/Or Reopen For Purposes of Adjudicating This Motion To Certain Real Property* [sic] (the "Turnover Motion").[2]

**AND**, on October 27, 2023, this Court held a hearing (the "Hearing") on the Motion for Relief from Stay and the Turnover Motion (together the "US Bank Motions").

**AND**, at the Hearing , the Movant and the debtor, Louis Lanni (the "Debtor" and together with the Movant, the "Parties"), agreed to settle the US Bank Motions, whereby the Parties agreed, among other things, that (1) US Bank would be granted relief from the automatic stay to proceed with foreclosure

---

[1] Bankr. Docket No. 8.
[2] Bankr. Docket No. 59.

proceedings against the real property located at 914 Clinton Street, Philadelphia, and (2) certain mortgage-related funds the Debtor mistakenly paid to the chapter 13 trustee rather than to the Movant, and that the chapter 13 Trustee continued to hold (the "Held Funds"), would be turned over to US Bank as adequate protection payment.

**AND**, at the Hearing the Court approved the proposed settlement of the Motion for Relief but declined to approve the proposed settlement of the Turnover Motion because the Debtor's proposed chapter 13 plan had not been confirmed, thereby implicating 11 U.S.C. §1326(a)(2)'s provision that a debtor's payments to the chapter 13 trustee "shall be retained by the trustee until confirmation or denial of confirmation."

**AND**, the Court therefore directed the Parties to submit briefs regarding the Court's authority to direct the chapter 13 trustee to turnover the Held Funds to US Bank as adequate protection payment.

**AND**, on November 2, 2023, Movant submitted a *Letter Brief in support of Court Order granting last settlement terms as to the turnover of funds by the Chapter 13 Trustee* [sic] (the "Letter Brief") contending, among other things, that although there was no case directly on point addressing the issue, the Court should direct the Trustee to turn over the Held Funds to the Movant. [3]

**AND**, on November 16, 2023, the Debtor submitted a response in opposition to the Letter Brief arguing that compelling the chapter 13 trustee to turn over funds in the absence of a confirmed plan violated the provisions of §1326(a)(2) (the "Debtor's Response"). [4]

**AND**, on November 20, 2023, US Bank filed a response in opposition to the Debtor's Response alleging that the Debtor's filing was inappropriate and should be precluded because the Debtor had agreed to the settlement terms and was utilizing the Court's inquiry as an opportunity to renege on a portion of the Parties' proposed settlement. [5]

---

[3] Bankr. Docket No. 84.
[4] Bankr. Docket No. 86.
[5] Bankr. Docket No. 89.

**AND**, pursuant to 11 U.S.C. §1326(a)(2), "[a] payment made under paragraph (1)(A) *shall* be retained by the trustee until confirmation or denial of confirmation." (emphasis added). Here, there has been no confirmation or denial of confirmation. As such, §1326(a)(2) requires that the trustee retain the payments until either event occurs. Further, as held by the Third Circuit in *In re: FTX Trading LTD.*, "'shall' in a statute is interpreted as 'must,' which means 'shall' signals when a court must follow a statute's directive regardless of whether it agrees with the result." 2024 WL 204456, at *4 (3d Cir. Jan. 19, 2024); *see also Scott v. Vantage Corp.*, 64 F.4th 462, 477 (3d Cir. 2023) ("Accordingly, pursuant to the plain meaning of 'shall,' a district court *must* impose Rule 11 sanctions when it finds Rule 11 violations in proceedings governed by the PSLRA."). Accordingly, this Court has no authority to direct the Trustee to act in contradiction of the provisions of the statute.

**AND**, upon consideration of the Motion and the Letter, and for all reasons stated herein, it is hereby **ORDERED** and **DETERMINED** that the Motion is **DENIED**.

Dated: February 1, 2024

_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE